# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | | |
|---|---|---|
| **MACK FORBES** | * | **CIVIL ACTION NO.  13-1578**<br>**Section P** |
| **VERSUS** | * | **JUDGE DONALD E. WALTER** |
| **JAMES LEBLANC, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

On August 13, 2013, the court ordered service of process and set various scheduling deadlines to govern this matter.  (Aug. 13, 2013, Mem. Order [doc. # 8]).  Pursuant to that order, the parties were required to file either a motion for summary judgment or a statement of issues by March 13, 2014.  *Id*.  When the foregoing deadline lapsed without either side having complied, the undersigned ordered the parties to show cause, in writing, why each should not be sanctioned for failure to comply with the court's order.  (March 19, 2014, Show Cause Order [doc. # 15]).

On April 1, 2014, plaintiff petitioned the court for an extension of time to comply with the show cause order.  (Pl. M/Ext. of Time [doc. # 16]).  The court granted plaintiff's motion, and extended the parties' response date until May 5, 2014.  (April 7, 2014, Order [doc. # 17]).  On May 5, 2014, defendants responded to the show cause order by attributing their non-compliance to "unfortunate oversight."  (Defs. Response [doc. # 21]).  Defendants contemporaneously filed a motion for summary judgment, in belated compliance with the court's scheduling order.  *See* doc. # 22.  Given defendants' change of counsel,[1] the court will not impose sanctions on defendants at this time.

---

[1] *See* motion to substitute counsel [doc. # 18].

To date, however, *plaintiff* has failed to respond to the show cause order.  In addition, he still has not filed a motion for summary judgment, a statement of issues, or even an opposition to defendants' motion for summary judgment.[2]

### Law and Analysis

 The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed.R.Civ.P. 41(b) (in pertinent part).  The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without motion by the defendant.  *Link v. Wabash R.R. Co*., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts."  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

A dismissal with prejudice is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim."  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted).  Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice."  *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted).  In addition, the Fifth Circuit generally requires the

---

[2] On May 20, 2014, plaintiff complained to the Clerk of Court that he had not received a copy of defendants' motion for summary judgment.  [doc. # 27].  Defendants' motion for summary judgment, however, included a certificate of service.  Moreover, the Clerk of Court mailed plaintiff a copy of the docket sheet.  To date, plaintiff has not submitted anything further.

2

presence of at least one of three aggravating factors:  "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."  *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case.  As discussed above, plaintiff has ignored at least two court orders.  Moreover, dismissal of the case may be the least sanction where, as here, plaintiff is not actively pursuing his cause of action.  Further, because plaintiff is proceeding in forma pauperis in this matter, he likely does not enjoy the financial resources to fund an alternative monetary sanction.[3]  Finally, plaintiff's unrepentant flaunting of court orders[4] reflects his own contumaciouness or "stubborn resistance to authority"[5] which is personally attributable to him as a pro se litigant.[6]

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's complaint be DISMISSED with prejudice in accordance with the provisions of Fed.R.Civ.P. 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written

---

[3]  *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (5th Cir. 2011) (noting that a court may consider a plaintiff's IFP status in determining that a monetary sanction would not be an appropriate and effective sanction).

[4]  This report and recommendation itself provides plaintiff with further notice of his non-compliance.

[5]  *See Millan, supra*.

[6]  While the court is cognizant of plaintiff's *pro se* status, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 10th day of October 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

4